UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORETTA LYNN RAPONE,

                        Plaintiff,

           v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                       Defendant.
_____

**DECISION**
**and**
**ORDER**

**18-CV-01221F**
(**consent**)

APPEARANCES:       LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             ANTHONY JOHN ROONEY, of Counsel
                             6000 North Bailey Avenue, Suite 1A
                             Amherst, New York 14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York 14202
                                  and
                             JOHANNY SANTANA
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza – Room 3904
                             New York, New York 10278
                                  and
                               JOLETTA MARIE FRIESEN
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             601 E. 12th Street, Room 965
                             Kansas City, Missouri 64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On August 5, 2020, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. No. 17).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 28, 2019 (Dkt. No. 8), and by Defendant on September 23, 2019 (Dkt. No. 14).

**BACKGROUND**

Plaintiff Loretta Lynn Rapone ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on June 24, 2015, for Social Security Supplemental Income ("SSI" or "disability benefits").  Plaintiff alleges she became disabled on June 23, 2014, based on herniated discs in the back and neck, chronic pain, inability to sleep, mood swings, depression and anxiety.  (R. 192)[2]. Plaintiff's application initially was denied on October 23, 2015 (R. 93-104), and at Plaintiff's timely request, on November 9, 2017, a hearing was held via videoconference in Falls Church, Virginia, before Administrative Law Judge Gregory M. Hamel ("the ALJ).  (R. 27-77).  Appearing and testifying at the hearing via videoconference in Buffalo, New York, were Plaintiff, represented by Mr. Emden[3], Esq. ("Emden"), and vocational expert ("VE") Celena Earl.

---

[2] References to "R" are to the page of the Administrative Record electronically filed by Defendant on April 29, 2019 (Dkt. No. 7).
[3] Plaintiff's counsel's first name does not appear in the record.

On January 4, 2018, the ALJ issued a decision denying Plaintiff's claim (R. 7-26) ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council.  (R. 173-75).  On September 19, 2018, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  (R. 1-4).  On May 23, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On June 28, 2019, Plaintiff moved for judgment on the pleadings (Dkt. No. 9) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9-1) ("Plaintiff's Memorandum").  On September 23, 2019, Defendant moved for judgment on the pleadings (Dkt. No. 14) ("Defendant's Motion"), attaching the Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. No. 14-1) ("Defendant's Memorandum").  Filed on October 15, 2019, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 16) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[4]

Plaintiff Loretta Lynn Rapone ("Plaintiff" or "Rapone"), born August 4, 1973, was 44 years old as of June 23, 2015, her alleged disability onset date ("DOD").  (R. 547).

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Plaintiff graduated from high school, previously worked as a bartender, and lived with her five-year-old son at the time of Plaintiff's hearing.  (R. 32).

Plaintiff worked as a hotel bartender until 2008, when Plaintiff left work because of back pain.  (R. 34).  On September 28, 2010, Kevin Walter, M.D. ("Dr. Walter"), completed microdiscectomy surgery on Plaintiff's L5-S1[5] disc segment.  (R. 274).

On April 7, 2015, Plaintiff returned to Dr. Walter with reports of back pain radiating to Plaintiff's right leg and arm.  Dr. Walter ordered a magnetic resonance imaging ("MRI") scan of Plaintiff's lumbar and cervical spines that showed right lateral stenosis at Plaintiff's L5-S1 disc segment, disc protrusion at Plaintiff's L3-L4 disc segments, and a small disc spur at Plaintiff's C6-C7 disc segment.  (R. 250-67).  On May 18, 2015, Dr. Walter completed microdiscectomy surgery on Plaintiff's L4-L5 disc segments (R. 259-64), and on June 1, 2015, noted that Plaintiff was doing well following surgery.  (R. 258).  On July 7, 2015, Dr. Walter noted that Plaintiff reported improved pain and mobility with neck pain radiating to her right arm and evaluated Plaintiff with a normal gait, full strength, and recommended Plaintiff not lift more than 20 pounds.  (R. 257).  On August 15, 2015, Dr. Walter noted that Plaintiff had an excellent surgical recovery with resolution of her radicular pain, exhibited no physical deficits or limitations, and recommended that Plaintiff begin physical therapy treatment.  (R. 255).

On October 15, 2015, Harbinder Toor, M.D. ("Dr. Toor"), completed a consultative medical examination on Plaintiff, noted that Plaintiff reported activities of daily living that include cooking, cleaning, shopping, caring for her young child, going out, watching television and listening to the radio.  (R. 365).  Upon examination, Dr.

---

[5] L5-S1 refers to numbered segments in an individual's lumbar and sacral spine.

Toor evaluated Plaintiff with slight tenderness and swelling of the right foot, moderate difficulty grasping, holding, writing, manipulating a coin, zipping a zipper, and holding objects with the left hand, moderate-to-marked limitations to standing, walking, bending, lifting and carrying, moderate limitations to sitting for an extended period of time, cervical spine twisting, right-handed fine motor activity, pushing, pulling, lifting and reaching with the right arm, and pain and headaches that interfere with Plaintiff's normal routine.  (R. 367).

On November 18, 2015, Physical Therapist Wayne Younge ("P.T. Younge"), completed a physical examination of Plaintiff and evaluated Plaintiff with muscle imbalance, and no discomfort with cervical flexion.  (R. 376).  Plaintiff attended three therapy sessions before stopping with increased reports of pain.  (R. 376).

On May 6, 2016, Dr. Walter noted that Plaintiff reported neck pain, and, upon examination, evaluated Plaintiff with mildly limited right cervical spine rotation with a slight sensory deficit in Plaintiff's right fingers, referred Plaintiff to pain management and electromagnetic sensory ("EMG") testing, both of which Plaintiff did not attend.  (R. 430).

On January 25, 2017, Plaintiff sought treatment from the emergency room at United Memorial Medical Center ("United Memorial"), in Rochester, New York, for dental pain, where, upon examination, Physician Assistant Ryan D'Arcy ("P.A. D'Arcy"), evaluated Plaintiff with significant tooth decay, normal gait, musculoskeletal strength and tone.  (R. 607).

On August 11, 2017, Plaintiff sought treatment from United Memorial emergency room for a right foot injury, where an X-ray of Plaintiff's right foot revealed a break of

Plaintiff's right metatarsal.  Plaintiff was fitted for a cast and released with crutches.  (R. 594).

## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has

instructed . . . that the factual findings of the Secretary,[6] if supported by substantial

evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI

benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable

regulations set forth a five-step analysis the Commissioner must follow in determining

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v.*

*Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

1982).  If the claimant fails to meet the criteria at either of the first two steps the claimant

is not eligible for disability benefits, but if the claimant meets the criteria for the third or

fourth step, or if the defendant fails to meet its burden at the fifth step, the inquiry

ceases and the claimant is eligible for disability benefits.  20 C.F.R. §§ 404.1520 and

416.920.  The first step is to determine whether the applicant is engaged in substantial

gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§

404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe

impairment which significantly limits the physical or mental ability to do basic work

activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and

416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or

"the Listings"), and meets the duration requirement of at least 12 continuous months,

there is a presumption of inability to perform substantial gainful activity, and the claimant

---

[6] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of
the Secretary of Health and Human Services in Social Security cases was transferred to the
Commissioner of Social Security, effective March 31, 1995.

is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 23, 2015, her disability benefits application date (R. 13), and suffers from the severe impairments of cervical and lumbar disc disease, fifth metatarsal fracture, depressive disorder with anxiety, but does not have an impairment or combination of impairments meeting or medically equal to the severity of any impairment in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, Appendix 1,

and retains the RFC to perform work at the light exertional level, limited to performing

only frequent fingering and handling of the right hand, routine and repetitive tasks that

do not require much change day-to-day or require complex tasks, occasional interaction

with the general public, and no work that requires a strong production rate pace.  (R.

15).  The ALJ further found that Plaintiff has past relevant work as a bartender with no

transferable skills, yet given Plaintiff's age, as a younger individual, with a high school

education and the ability to communicate in English (R. 20), Plaintiff's RFC permits

Plaintiff to perform jobs that exist in significant numbers in the national economy,

including work as a laundry sorter and mail clerk.  (R. 21).  Based on these findings, the

ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 22.

 Plaintiff does not contest the ALJ's findings with regard to the first three steps of

the five-step analysis, but argues that at the fourth step, the ALJ's determination of

Plaintiff's physical RFC is not supported by substantial evidence such that the ALJ

impermissibly substituted his lay opinion for that of acceptable medical evidence in

finding Plaintiff retains the ability to perform light work, and improperly rejected Dr.

Toor's opinion that Plaintiff has extensive physical limitations.  Plaintiff's Memorandum

at 8-15.  Defendant maintains that substantial evidence supports the ALJ's assessment

of Plaintiff's physical RFC, Defendant's Memorandum at 10-17, as well as the ALJ's

assessment of Plaintiff's physical functioning.  *Id.*  In reply, Plaintiff reiterates the ALJ's

physical RFC determination was not supported by substantial evidence, Plaintiff's Reply

at 1-3, and failed to provide an adequate reason for rejecting Dr. Toor's finding that

Plaintiff had moderate limitations to Plaintiff's ability to function.  There is no merit to

Plaintiff's arguments as substantial evidence in the record supports the ALJ's findings.

With regard to Plaintiff's physical RFC, the ALJ evaluated Plaintiff with the ability to perform light work with frequent, as opposed to constant, fingering and handling of the right hand, complete routine and repetitive tasks that do not require change from day-to-day or complex tasks, engage in no more than occasional contact with the general public, with no work that requires a production rate pace.  (R. 15).  Plaintiff maintains that in reaching this conclusion, the ALJ erred in affording little weight to Dr. Toor's finding that Plaintiff had moderate to marked limitations to standing, walking, bending, lifting and carrying, moderate limitations to sitting for an extended period of time, cervical spine twisting, right-handed fine motor activity, and pushing pulling lifting and reaching with the right arm, (R. 367), which is the only function-by-function assessment in the record such that the ALJ was not permitted to make a common sense judgment as to Plaintiff's RFC.  Plaintiff's Memorandum at 9-12.  Defendant maintains the ALJ, in granting Dr. Toor's report little weight, properly relied on other evidence in the record including treatment notes, clinical findings, diagnostic testing and Plaintiff's activities of daily living.  Defendant's Memorandum at 10-16. The essence of this argument is the internal medicine examination Dr. Toor conducted on October 15, 2015, on a consultative basis in connection with Plaintiff's disability benefits application. (R. 367).  In particular, Dr. Toor reported Plaintiff presented with

> moderate to marked limitations to standing, walking, bending, lifting and carrying, moderate limitations to sitting for an extended period of time, cervical spine twisting, right-handed fine motor activity, pushing pulling lifting and reaching with the right arm.

(R. 367).

On July 7, 2015, Dr. Walter noted that Plaintiff reported improved pain and mobility with neck pain radiating to her right arm and evaluated Plaintiff with a normal

gait and full strength.  (R. 257).  On August 15, 2015, Dr. Walter noted that Plaintiff had an excellent recovery form surgery with resolution of her radicular pain and no deficits or limitations, recommended that Plaintiff begin physical therapy (R. 255), and on May 6, 2016, evaluated Plaintiff with only mildly limited right cervical spine rotation and a slight sensory deficit in Plaintiff's right fingers.  (R. 430).  Although Dr. Walter noted that Plaintiff reported neck pain, Dr. Walter's treatment notes indicated no limitations remained following Plaintiff's surgery on May 18, 2015, nor did Dr. Walter observe any limitations to Plaintiff's ability to standing, walking, bending or sitting that would indicate that Plaintiff was incapable of performing light work.  Accordingly, substantial evidence in the record supports the ALJ's determination to give Dr. Toor's opinion that Plaintiff has a mild to moderate limitations to standing, walking, bending, lifting, carrying, twisting her cervical spine, pushing, pulling, lifting and reaching with her right arm less than full weight.  *See Matta v. Astrue*, 508 F. App'x. 53, 56 (2d Cir. 2013) (ALJ has discretion to weigh medical opinions in formulating claimant's residual functional capacity).  Plaintiff's motion is therefore DENIED.

Nor did the ALJ err in evaluating limitations resulting from Plaintiff's foot fracture and cervical spinal degeneration.  Physical examinations on January 25, 2017 and August 11, 2017, showed Plaintiff with normal spinal movement, gait and station (R. 607, 594), and Plaintiff required no treatment for her broken toe after her cast was removed.  Plaintiff's motion is DENIED as to this issue.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion (Dkt. No. 9) is DENIED; Defendant's

Motion (Dkt. No. 14) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        September 11, 2020
              Buffalo, New York